UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CV-

GABRIEL TORRES

    Plaintiff,

v.

ERBAN VENTURES, LLC.
a Florida Limited Liability Company

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, GABRIEL TORRES (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, ERBAN VENTURES, LLC. a Florida Limited Liability Company (hereafter "Defendant"), and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of minimum wage under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violation of Florida Statute § 448.110.

2. This action also arises pursuant to Fla. Cons. Art. X Section 24 and Florida's State Minimum Wage Act ("FMWA"). Plaintiff requests supplemental jurisdiction be extended over these related claims.

### PARTIES

3. Plaintiff, GABRIEL TORRES, is an adult male who presently resides in Miami, Miami-Dade County, Florida.

4. Defendant, ERBAN VENTURES, LLC., a Florida Limited Liability Company, did at all times material, conduct substantial and continuous business in the Southern District of Florida. ERBAND VENTURES, LLC. is located at 7901 NW 22nd Avenue, Miami, Florida 33147.

5. The Defendant is an enterprise engaged in an industry affecting interstate commerce, is an "employer" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendant's entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, Plaintiff is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendant within the meaning of the FLSA and the FMWA.

8. At all times material hereto, the worked performed by Plaintiff was directly essential to the business performed by the Defendant.

9. At all times material hereto, the Defendant is and continues to be an "employer" within the meaning of the FLSA.

10. At all times material, during Plaintiff's employment with the Defendant, the Defendant was engaged in interstate commerce or in the production of goods for commerce. The Defendant continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

13. On or about August 7, 2017, Plaintiff began to work for Defendant. On or about June 14, 2019, Plaintiff no longer worked for Defendant.

14. Plaintiff was paid a salary of $700.00 per week.

15. Between August 7, 2017 and April 7, 2019, Plaintiff worked one hundred nineteen (119) hours per week.

16. Plaintiff was given a wage of $5.88 per hour.

17. In 2017, minimum wage in Florida was $8.10.

18. In 2018, minimum wage in Florida was $8.25.

19. In 2019, minimum wage in Florida was $8.46.

20. The federal minimum wage pursuant to the FLSA was at all material times hereto, $7.25.

21. Plaintiff was not paid minimum wage between August 7, 2017 and April 7, 2019.

22. Defendant failed to pay Plaintiff at a minimum wage for his hours worked in accordance with the FLSA and FMWA.

23. Plaintiff should have been paid on a minimum wage rate during the entire course of his employment with the Defendant.

24. Plaintiff is owed monies for his work completed from August 7, 2017 through April 7, 2019.

25. On or about August 28, 2019, Plaintiff through undersigned counsel sent Defendant a demand letter.

26. Plaintiff provided Defendant with the mandatory pre-suit notice.

### COUNT I- Violation of FLSA Minimum Wage

27. Plaintiff re-alleges and re-incorporates paragraphs 1-26 as fully alleged therein.

28. Between August 7, 2017 and April 7, 2019, Plaintiff worked 119 hours per week and was only paid $700 for all hours work.

29. Plaintiff was given a wage of $5.88 per hour. The federal minimum wage is $7.25.

30. Defendant failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part Section 6(a) of the FLSA.

31. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of minimum wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

32. Defendant remains owing Plaintiff wages and Plaintiff is entitled to recover double damages pursuant to the FLSA.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to him are in the possession and custody of Defendant.

34. Defendant knew of and/or showed willful disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff at the federal minimum wage.

35. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHERFORE, Plaintiff, GABRIEL TORRES, respectfully requests that judgment be entered in their favor against Defendant, EBRAN VENTURES, LLC. for the following:

a. Wages found to be due and owing;

b. An additional equal amount equal to the unpaid wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorney's fees and costs; and

e. Such other relief as the Court deems just and equitable.

### COUNT II- Violation of Florida Statute 448.110 (Below Minimum Wage)

38. Plaintiff re-alleges and re-incorporates paragraphs 1-26 as fully alleged therein

39. Plaintiff was not paid minimum wages for hours worked between August 7, 2017 and April 7, 2019.

40. Plaintiff is entitled to minimum wage for hours worked pursuant to the FMWA.

41. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FMWA, Plaintiff has suffered damages.

42. Defendant willfully and intentionally refused to pay Plaintiff a minimum wage for all the hours worked for the period of August 7, 2017 through April 7, 2019.

43. As a direct and proximate result of Defendant's willful disregard of the FMWA, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

44. Plaintiff provided Defendants with the mandatory pre-suit notice.

45. WHEREFORE, Plaintiff, MUÑOZ, demands judgment against the Defendant, GOMEZ individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

WHERFORE, Plaintiff, GABRIEL TORRES, respectfully requests that judgment be entered in their favor against Defendant, EBRAN VENTURES, LLC. for the following:

a. Wages found to be due and owing;

b. An additional equal amount equal to the unpaid wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorney's fees and costs; and

e. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,
**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com